J-S57035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLYDE GREEN | |
| Appellant | No. 3587 EDA 2014 |

Appeal from the PCRA Order entered November 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0908451-2003

BEFORE:  MUNDY, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 20, 2015**

Appellant, Clyde Green, appeals from the November 14, 2014 order entered in the Court of Common Pleas of Philadelphia County, denying as untimely his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Following review, we affirm.

The PCRA court provided the following procedural background:

On April 22, 2005, following a trial by jury, Appellant was convicted of Involuntary Deviate Sexual Intercourse[] and Aggravated Indecent Assault.  Appellant was sentenced by this [c]ourt to a total term of ten to twenty (10-20) years['] imprisonment and was given credit for time served, as he had been incarcerated since July 2003.  On November 30, 2006, the decision of this [c]ourt was affirmed [] by the Superior Court of Pennsylvania.  On January 16, 2007, the Appellant filed his first PCRA petition, which was denied on February 12, 2008.  On July

7, 2010, the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal.

PCRA Court Opinion, 10/30/14, at 1.[1]

On April 7, 2014, Appellant filed the PCRA petition that is the subject of this appeal. In his petition, Appellant asserted his sentence was illegal and that his petition satisfied the PCRA's timeliness requirements because he filed it "within sixty (60) days of becoming aware of the decision of the United States Supreme Court in **Alleyne v. United States**, 133 S.Ct. 2151 (2013)." Appellant's Brief at 2. Appellant asserts he "became aware of the **Alleyne** decision on or about March 15, 2014, when it became available on the institution's law library computers." **Id.**

On November 14, 2014, the PCRA court dismissed the petition as time-barred. This appeal followed.

We first note that Appellant's brief does not include a Statement of Questions Involved as required by Pa.R.A.P. 2111(a)(4) and Pa.R.A.P. 2116(a). Rule 2116(a) provides, in relevant part:

---

[1] Our review of the record reveals an error in the trial court's procedural summary. This Court affirmed Appellant's judgment of sentence on July 5, 2006, not November 30, 2006. Our Supreme Court denied Appellant's petition for allowance of appeal on November 30, 2006. He did not file a writ of *certiorari* to the United States Supreme Court. Therefore, his judgment of sentence was final on February 28, 2007, ninety days after our Supreme Court denied his petition for allowance of appeal, when the time for seeking review from the United States Supreme Court expired. Although it does not change the ultimate disposition of the case, it does change the date on which Appellant's judgment of sentence became final and, consequently, the deadline for filing his PCRA petition.

> The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. **No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.**

Pa.R.A.P. 2116(a) (emphasis added). "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citation omitted).

Despite his failure to include a Statement of Questions Involved, Appellant does offer the following proposition at the beginning of the Argument section of his brief:

> A. Petitioner asserts that the trial court's imposition of the ten (10) to twenty (20) year sentence, imposed in accordance with 42 Pa.C.S.A. § 9714 was not charged, found beyond a reasonable doubt, admitted to by Appellant, or given notice of, and was therefore illegal and unconstitutional under the decision of the United States Supreme Court in ***Alleyne***.

Appellant's Brief at 3. Although Appellant's failure to include a Statement of Questions Involved essentially leaves us without any issue to consider, we

conclude the statement in the Argument section of Appellant's brief provides an alternative foundation for Appellant's claims.[2]

"Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013) (citations omitted).

The PCRA statute directs that any PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment becomes final unless the petitioner proves an exception. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Further, any petition claiming an exception under § 9545(b)(1) must be filed within 60

_____

[2] We also note that Appellant's brief lacks a summary of the argument in violation of Pa.R.A.P. 2111(a)(6) and Pa.R.A.P. 2118. We read the statement set forth above as constituting a summary of Appellant's argument. Although the inclusion of the statement does not excuse Appellant's rule violations, we shall proceed with our review of his appeal.

It merits mention that the Commonwealth, after requesting and securing an extension for filing a brief, did not file an appellee's brief in this case. Therefore, the Commonwealth did not maintain it was in any way adversely affected by the deficiencies in Appellant's brief.

days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545 (b)(2). "[T]he PCRA's timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (quoting *Commonwealth v. Rienzi*, 827 A.2d 369, 371 (Pa. 2003)).

Appellant's judgment of sentence became final on February 28, 2007.[3] Therefore, absent an exception, his petition filed on July 10, 2014 is untimely.

Appellant asserts his petition is saved from the PCRA's time bar by a retroactive constitutional right recognized in *Alleyne* under Section 9545(b)(1)(iii). However, before this Court can entertain his claim of a retroactive constitutional right, Appellant must demonstrate he filed his petition within 60 days of the date his claim could have been presented, as required by Section 9545(b)(2).

As noted above, Appellant argues he satisfied the PCRA's timeliness requirements by filing his petition within 60 days of "becoming aware of" *Alleyne*, *i.e.*, "on or about March 15, 2014, when it became available on the institution's library computers." Appellant's Brief at 2. However, *Alleyne* was decided on June 17, 2013, more than nine months before Appellant filed the instant petition.

_____

[3] *See supra* footnote 1.

In ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa. Super. 2007), this Court explained:

> [A]ny petition invoking an exception to the PCRA's timing provisions must be filed within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2); ***see also Commonwealth v. Lark***, 560 Pa. 487, 494, 746 A.2d 585, 588 (2000) (a petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day timeframe). With regard to an after-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision. ***Commonwealth v. Baldwin***, 789 A.2d 728 (Pa. Super. 2001).

***Id.*** at 517. Further, in ***Commonwealth v. Brandon***, 51 A.3d 231 (Pa. Super. 2012), this Court rejected a similar claim, noting that ignorance of the law does not excuse the failure to file a petition within 60 days of the date a decision is announced, and stating, "Neither the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law." ***Id.*** at 235 (quoting ***Baldwin***, 789 A.2d at 731).

Appellant clearly failed to file his petition within 60 days of the ***Alleyne*** decision. "[W]hen a PCRA petition [is] entitled to one of the [§ 9545(b)(1)] exceptions, but [is] not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claim." ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000).

Appellant's petition was untimely filed. Therefore, this Court, as well as the PCRA court, lacks jurisdiction to address the substantive issue of Appellant's PCRA claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/20/2015</u>